



## MEMORANDUM OPINION

No. 04-11-00382-CR

Gary L. **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR7179
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 25, 2012

AFFIRMED

A jury found appellant, Gary L. Martinez, guilty of multiple counts of both aggravated

sexual assault of a child and indecency with a child.  The jury assessed as punishment concurrent

sentences ranging from twelve years' to fifty years' confinement, depending on the count.  We

affirm.

**DISCUSSION**

In his first issue on appeal, appellant contends the trial court erred in allowing the complainant, who is deaf, to testify without being sworn in. In his second issue on appeal, appellant argues the trial court erred by failing to properly swear in the sign language interpreter before receiving complainant's testimony. Rule 603 of the Texas Rules of Evidence provides:

> Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so.

TEX. R. EVID. 603.

Texas law requires a trial judge to provide an interpreter for a deaf person to interpret "in any language that the deaf person can understand, including but not limited to sign language." TEX. CODE CRIM. PROC. ANN. art. 38.31(a) (West 2005). Under the relevant statute, "the trial court has a duty to devise a communication solution that provides the particular [witness] with 'that minimum level' of understanding that is constitutionally required." *Linton v. State*, 275 S.W.3d 493, 501 (Tex. Crim. App. 2009). Accordingly, methods of communication with deaf persons may "include the use of sign language, finger spelling, lip reading, written communication, or stenographers to provide simultaneous transcriptions, or a combination of these methods, depending on a person's proficiency in the different systems of communication." *Id.* The translation must be true and accurate, but it need not be perfect. *Id.* at 501–02.

Additionally, the interpreter for a deaf person is "required to take an oath that [s]he will make a true interpretation to the person accused or being examined, which person is deaf, of all the proceedings of h[er] case in a language that [s]he understands; and that [s]he will repeat said deaf person's answer to questions to counsel, court, or jury, in the English language, in h[er] best skill and judgment." TEX. CODE CRIM. PROC. ANN. art. 38.31(e); *see also* TEX. R. EVID. 604

("An interpreter is subject to the provisions of these rules relating to . . . the administration of an oath or affirmation to make a true translation.").

Here, prior to the complainant's testimony, a bench conference was held outside the presence of the jury in which the trial judge determined that, although the complainant was able to read lips and respond by speaking, she would only be allowed to testify through the interpreter, using sign language, and was not allowed to use her own voice to answer. The judge determined that "[o]nly what [complainant] signs is on the record." After the jury was brought back in and before her testimony began, the complainant was sworn in through the interpreter; however, confusion again ensued regarding whether the complainant was allowed to testify by speaking, without using the interpreter:

COURT: Please have a seat, everyone. Are you [complainant's name]?

WITNESS: [(Through the Interpreter)] Yes, I am.

COURT: Would you raise your right hand.

DEFENSE COUNSEL: Objection, Your Honor. She's supposed to be speaking. That was—

COURT: Okay. Yeah, that's the problem we have. Is she going to speak or not?

WITNESS: [(In her own voice)] Yes, I am.

COURT: Would you raise your right hand.

PROSECUTOR: No, Your Honor. We agreed she was going to interpret everything that she said.

COURT: I understand. We got that, but she answered. [To WITNESS]: Would you raise your right hand.

[(Witness sworn in through Interpreter.)]

WITNESS: [(In her own voice)] I do.

COURT: You can put your hand down.

Shortly after this and before complainant was questioned, the jury was again removed to determine whether the complainant would be allowed to speak or only sign. Upon being questioned as to her preference, the complainant definitively stated, "I'm going to have the Interpreter say it for me." The trial judge then told the complainant, "[Y]ou do not speak. You just sign." The defense asked for, and was granted, a running objection to anything the witness might speak aloud. Then, just before the jury was brought back in, the interpreter made a request:

> INTERPRETER: Your Honor, the Interpreter has one further thing. The Interpreter should be sworn, for the record, as well.
>
> COURT: Hold on. [Interpreter's name], would you raise your right hand.
>
> [(Interpreter sworn in.)]

The jury was brought back in and the court explained that the complainant would only be testifying through the Interpreter. After this, the defense counsel stated that he did not believe the complainant had been sworn in:

> DEFENSE COUNSEL: I'm not sure the way things transpired a few moments ago whether or not we actually got the witness sworn. May I ask that she be sworn again, please?
>
> COURT: No, sir.

We begin by noting that "decisions regarding interpretive services are within the sound discretion of the trial court." *Linton*, 275 S.W.3d at 503. The Court of Criminal Appeals stated that "[t]his may be especially true in deaf interpretation because evaluating whether a hearing-impaired [witness] truly comprehends what is spoken is more art than science." *Id.* Here, prior to administering the oath, the trial judge was told that complainant was able to lip-read and respond to questions with her own voice. And, although the trial judge had ruled the complainant would only be allowed to sign, the record demonstrates that complainant understood

the oath because it was signed to her through the interpreter and was "administered in a form calculated to awaken [her] conscience and impress [her] mind with the duty to do so." *See* TEX. R. EVID. 603. Thus, the trial judge used his discretion to determine that complainant's response to the oath, given in her own voice, was adequate and did not require the administration of another oath given solely using sign language. Accordingly, we conclude that the trial court did not abuse its discretion in determining that complainant was properly sworn in, in accordance with Rule of Evidence 603. *See id.*

Regarding appellant's second issue on appeal, we will assume without deciding the trial court erred by not properly swearing in the interpreter before administering complainant's oath. However, we conclude this error was harmless because the record demonstrates that, prior to any actual testimony by the complainant, the interpreter received an oath in accordance with article 38.31(e) of the Code Criminal Procedure and Rule of Evidence 604. *See* TEX. CODE CRIM. PROC. ANN. art. 38.31(e); TEX. R. EVID. 604.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the judgment of the trial court.

Sandee Bryan Marion, Justice

Do not publish